UNITED STATES of America, Plaintiff-Appellee,

v.

Donald Douglas DAY, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Edward Steve McFARLAND, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Charles Allen MUNCY, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

James THOMPSON, Defendant-Appellant.

Nos. 17659–17662.

United States Court of Appeals
Sixth Circuit.

April 11, 1968.

Larry C. West, Covington, Ky., court appointed, for appellant, Day.

Charles Bruce Lester, Newport, Ky., court appointed, for appellant, Thompson.

Arthur J. O'Donnell, Chicago, Ill., for appellant, McFarland.

R. Barry Wehrman, Covington, Ky., for appellant, Muncy.

George I. Cline, U. S. Atty., G. Wix Unthank, Asst. U. S. Atty., Lexington, Ky., for appellee.

Before O'SULLIVAN, PHILLIPS, and COMBS, Circuit Judges.

PER CURIAM.

The four defendants, Donald Douglas Day, Edward Steve McFarland, Charles Allen Muncy, and James Thompson, were convicted of conspiracy to violate and the substantive violation of the Mann Act. 18 U.S.C. § 371 and 18 U.S.C. § 2421. It was charged in the indictment that the four defendants conspired to and did transport a seventeen-year-old girl from Covington, Kentucky, to Chicago, Illinois, for the purpose of having her engage in prostitution. All of the defendants were found guilty by a jury on both counts of the indictment and were sentenced to five

years imprisonment on each count, the sentences to run concurrently.

The Government's case was made primarily by the testimony of the girl involved. None of the defendants testified.

All of the defendants rely on appeal upon the ground that the testimony of the girl is so vague and contradictory as to be unworthy of belief. McFarland contends additionally that there is no evidence to connect him with either the conspiracy or the substantive offense charged in the indictment.

It is not necessary that the evidence be reviewed in detail here. It is not a pretty story. It was shown by the Government beyond reasonable doubt that there was agreement between the four defendants that they would go by automobile from Covington to Chicago, and that they would take this seventeen-year-old delinquent girl with them to Chicago and would there set her up in prostitution.

It was established by the Government through the testimony of the girl that the four defendants and the girl left Covington about the same time, travelling in two separate automobiles. Day, Muncy, and McFarland were in a gray Mustang; Thompson and the girl were in a blue Ford or Chevrolet. The five stopped for hamburgers and a visit between cars at a drive-in restaurant in Illinois. They stopped overnight at a motel in Illinois and all of the defendants except Thompson, who had gone to visit his sister, had carnal knowledge of the girl. In Chicago, the defendants and the girl moved into a cheap hotel and the defendants made plans to get her set up in the business of prostitution. McFarland and Muncy, accompanied by the girl, were on their way to buy new clothes for her when they were stopped by police officers. Their evasive answers to questions led to their arrest and the arrest of the other two defendants.

The evidence is clearly sufficient to sustain the jury's verdict. It is true, as pointed out by the defendants, that the girl told her story on the witness stand in a rambling, disconnected manner; at times she was evasive and even contradictory. Even so, the elements of the offenses charged were either proved specifically or facts were proved from which the jury could reasonably infer the guilt of all of the defendants.

 With reference to McFarland, we have not overlooked the testimony of the girl that before the parties left Covington he said, "I'm not taking any girl across the state line in my car." This is not proof of innocence. It is merely proof that this defendant had a superficial knowledge of the dangers inherent in the Mann Act. If he was a party to the conspiracy, it is immaterial whether the girl rode across the state line in his car or in the car of a confederate. The jury had the right to reasonably conclude, both from McFarland's conduct before the parties left Kentucky and afterwards, that he was a party to the conspiracy from the outset.

All of the defendants were well represented at the trial by employed counsel and their rights were carefully protected by the trial judge. The question of their guilt or innocence was for the jury.

The judgments are affirmed.